J-S57002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW MICHAEL WINAND | : | |
| | : | |
| Appellant | : | No. 676 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 20, 2018
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000360-2018

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 25, 2019**

Matthew Michael Winand appeals from the December 20, 2018 judgment of sentence of eighteen months to four years of incarceration, followed by three years of probation, which was imposed after a jury convicted him of burglary, criminal conspiracy to commit burglary, and simple assault. He challenges the weight of the evidence supporting his convictions.  We affirm.

The charges stemmed from events occurring on March 23 and 24, 2018. Andrew Hempfing ("the victim") encountered Appellant at a bar in East Berlin, Adams County, Pennsylvania.  Appellant and the victim formerly had been friends.  The friendship soured two years earlier when there was a rumor linking Appellant romantically to the victim's wife.  At the bar on the evening of March 23, 2018, Appellant and the victim played one uneventful game of pool.  Thereafter, words were exchanged, and the victim placed Appellant in

a chokehold and smashed his face against the floor, conduct that resulted in the victim's ejection from the bar. Present at the time were Appellant's co-defendant Tyler Mummert, and Appellant's brother Andrew Hoff.

The victim returned to his home approximately five miles away from the scene of the fight, and immediately accessed his Facebook account. He posted the following: "hey [Appellant], you crack head mother f----r . . . I will see you someday soon when I have a little bit more room to swing." N.T., 10/9/18, at 76-77. He added, "U know where I reside don't be shy." *Id*. at 94. After posting these messages, the victim awakened his wife and told her what had occurred. He then received a call from Appellant through Facebook, announcing "we're on our way." The victim replied, "ain't no we about it . . . I said . . . I'll see you tomorrow or another day." *Id*. at 77-78.

At his wife's urging, the victim called 911, and Officer Larry L. Kitzmiller, Jr., a patrolman with the Eastern Adams Regional Police Department, was dispatched to victim's residence. The victim told the officer about the bar incident and the Facebook posts, and the officer advised him to go back in the house and he would patrol the area.

The victim went to sleep with his wife in the upstairs bedroom. According to the victim's wife, she was awakened by the thundering sound of footsteps coming up the stairs, followed by the bedroom door being kicked open. Appellant entered the bedroom, tackled the victim, and they struggled on the bed. While Appellant had a grip on the victim, co-defendant struck him fifteen to twenty times around the head, causing a bloody nose, chipped tooth,

a laceration to his ear, and bruises and cuts. While the assault was taking place, Hoff stood in the doorway to the bedroom.

The noise awakened the victim's four-year-old daughter, who witnessed the events from the hallway. The victim's wife testified that her daughter was scared and screaming, so she collected the child and went upstairs to her father-in-law's attic room. The intruders fled when the victim's father came downstairs. The victim again called police. When Officer Kitzmiller arrived at the residence, the victim was sitting on his front porch with visible injuries.

Andrew Hoff provided a statement and testified on behalf of the Commonwealth after pleading guilty to criminal trespass pursuant to a plea agreement. He testified that he had known the victim and his wife for five years; that he and Appellant are brothers; and that he is a close friend of co-defendant. Hoff was present with Appellant and co-defendant at the bar that evening, and he witnessed the victim assault Appellant. After leaving the bar, the three men went to Hoff's house and continued to drink alcohol. He saw the Facebook message from the victim, showed it to Appellant and co-defendant, prompting the decision to drive to the victim's home.

According to Hoff, the three men parked behind the home in an alley, and first knocked at the back door to gain access. When no one answered, they confirmed that the door was locked. They proceeded around the house to the front door, which was closed but unlocked, and Appellant entered without knocking. The three men went upstairs. According to Hoff, the victim was standing in his bedroom doorway. Appellant and the victim argued, and

then it turned physical. The co-defendant joined the fray, fists were flying, and Hoff and the victim's wife tried to stop the fight. As they left, Hoff told the victim's father, "your boy f----d with the wrong ones," meaning Appellant, co-defendant, and himself. *Id*. at 157.

Appellant testified that he took the Facebook post as "an invitation to come" and acknowledged that he went there to fight. *Id*. at 201. Upon arriving at the victim's home, he knocked at the back door. When there was no answer, they went around to the front door. Appellant said he did not knock at the front door because the victim was already at the top of the steps inside. When asked how he knew the location of the victim when the door was closed, Appellant maintained that he "could hear him coming" as "[h]e was already screaming at the top of the steps." *Id*. at 216. Appellant opened the door and proceeded up the stairs where a scuffle ensued.

The jury convicted Appellant of one count each of burglary, criminal conspiracy to commit burglary, and simple assault. Appellant was sentenced on December 20, 2018, as aforesaid. Following the denial of Appellant's post-sentence motion, he filed a timely appeal to this Court and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court penned its Rule 1925(a) opinion, and the matter is ripe for our review. Appellant presents one issue: "Whether the convictions of burglary and conspiracy to commit burglary were against the weight of the evidence?" Appellant's brief at 6 (unnecessary capitalization omitted).

The law is well settled that the weight of the evidence is a matter for the fact finder, who is free to believe all, part, or none of the evidence and to assess the credibility of the witnesses. "A new trial is not warranted because of a mere conflict in the testimony. . . . Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Commonwealth v. Rosser*, 135 A.3d 1077, 1090 (Pa.Super. 2016) (*en banc*).

Our role on appeal is limited to determining whether the trial court abused its discretion in determining that the verdict did not shock its conscience. *Id*. In doing so, we do not review the underlying question whether the verdict is against the weight of the evidence, but rather, the trial court's exercise of discretion. This is why it is often said that a trial court's denial of a post-sentence motion "based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 880 (Pa. 2008).

Appellant contends that his convictions of burglary and conspiracy to commit burglary were against the weight of the evidence because the victim consented to Appellant entering his home when he assaulted him and taunted him to come and fight. Appellant's brief at 13. He cites *Commonwealth v. Stark*, 407 A.2d 853, 855 (Pa.Super. 1979), for the proposition that one entering a premises with permission is not a burglar even if he intends to

commit a crime. He argues that the victim's Facebook post, "U know where I reside don't be shy," granted him permission to enter, a defense to burglary. N.T., 10/9/18, at 94; *see* § 3502(b)(3). Furthermore, he told the victim that he was on his way, and walked through an open door when he arrived.

The trial court noted that it properly instructed the jury that it was a defense to burglary if the defendant was licensed or privileged to enter the residence. Trial Court Opinion, 6/18/19, at 9 (citing 18 Pa.C.S. § 3502(b)(3)). In the trial court's view, the jury "rightfully rejected Appellant's defense." *Id*. at 10. The trial court pointed to evidence refuting Appellant's contention that the victim invited Appellant to enter his home that night. After Appellant told the victim that they were on their way, the victim responded, "Ain't no we about it" . . . "I'll see you tomorrow or another day." *Id*. (citing N.T., 10/9/18, at 80). Furthermore, the trial court noted that there was evidence the victim was in his boxers, in bed, sleeping with his wife when the three men entered through a closed front door. Based on the foregoing, the court stated that the jury's verdict did not shock its sense of justice, and that the weight of the evidence claim was "meritless." *Id*. We find no abuse of discretion on the part of the trial court. Hence, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2019